## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MISTY CRISP,

      **Plaintiff,**

v.                           **CASE NO.:**

**EXECUTIVE GARDEN TITUSVILLE
HOTEL, LLC, a Florida Limited
Liability Company, and ELCORNO
MARTIN, Individually,**

      **Defendants.             /**

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, MISTY CRISP, by and through the undersigned attorney, sues the Defendants, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, a Florida Limited Liability Company, and ELCORNO MARTIN, Individually, and alleges:

      1.    Plaintiff was an employee of Defendants and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

      2.    Plaintiff was an employee who worked for Defendants within the last three years in Brevard County, Florida.

      3.    Plaintiff worked for Defendants from around October 2017 to

March 2018 as an hourly paid employee at an hourly rate of $8.50 per hour.

4.    Plaintiff worked for Defendants in their front desk, laundry, and housekeeping departments.

5.    At all times material to this cause of action, Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

6.    At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7.    Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, is a Florida Limited Liability Company that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

8.    Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, operates as a hotel in Titusville, Florida.

9.    At all times relevant to this action, ELCORNO MARTIN was an individual resident of the State of Florida, who owned and operated EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC.  By virtue of having regularly exercised that authority on behalf of EXECUTIVE GARDEN

TITUSVILLE HOTEL, LLC,  ELCORNO MARTIN is/was an employer as defined by 29 U.S.C. § 201, et seq.

10.     This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12.     During Plaintiff's employment with Defendants, Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, earned more than $500,000.00 per year in gross sales.

13.     Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, employed approximately twenty (20) employees and paid these employees plus earned a profit from their business.

14.     During Plaintiff's employment, Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, cash registers, cleaning supplies, and other tools/materials used to run the business.

15.     Therefore, at all material times relevant to this action, Defendant, EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, was an enterprise

covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16.     Additionally, Plaintiff is individually covered under the FLSA because she was engaged in interstate commerce by taking reservations from and charging guests from outside the state of Florida.

<u>Minimum Wage and Overtime Violations</u>

17.     At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which she was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

18.     During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19.     During her employment with Defendants, Plaintiff routinely worked overtime hours.

20.     In addition, Plaintiff lived at Defendants' hotel during her employment there. While Plaintiff was living at the hotel, Defendants attempted to take a lodging credit by deducting 23 hours per week from Plaintiff's pay.

21.     This attempted lodging credit was deducted from her total hours worked and her hourly wage was paid only on the hours worked after the

4

deduction, which deprived Plaintiff of the overtime premium she would have otherwise been entitled to.

22.     In addition, the lodging credit exceeds the reasonable cost or fair value of the facilities furnished.

23.     Defendants also "banked" some of Plaintiff's overtime hours worked by withholding pay for her overtime hours with the intent to apply those hours worked to future weeks.

24.     Defendants failed to pay Plaintiff for some or all of the "banked" hours withheld.

25.     Plaintiff is entitled to her regular rate of pay ($8.50/hour) plus the half-time premium ($4.25/Overtime hour) for all hours worked in excess of forty (40) per week.

26.     Based upon the above policies, Defendants have also violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

27.     Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

28.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

29.     Plaintiff incorporates and re-alleges paragraphs 1-28.

30.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

31.     Florida's current minimum wage rate is $8.25 per hour.

32.     During her employment with Defendants, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

33.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34.     Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

35.     As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

36.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MISTY CRISP, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate her, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this

Court determines to be just and appropriate.

## <u>COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)</u>

37.     Plaintiff incorporates and re-alleges paragraphs 1-28.

38.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

39.     During her employment with Defendants, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

40.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41.     Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

42.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MISTY CRISP, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

44.     Plaintiff incorporates and re-alleges paragraphs 1-28.

45.     Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

46.     During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

47.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48.     Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

49.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

50.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MISTY CRISP, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not

properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this <u>4th</u>  day of December, 2018.

**/S/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
**/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile:  (407) 245-3401
Email: RMorgan@forthepeople.com
        JPavlos@forthepeople.com
Attorneys for Plaintiff