UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MISTY CRISP,

    Plaintiff,

v.                                                      Case No:   6:18-cv-2081-Orl-40TBS

EXECUTIVE GARDEN TITUSVILLE
HOTEL, LLC and ELCORNO MARTIN,

    Defendants.

## REPORT AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA") case is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc 18). Upon due consideration I respectfully recommend that the motion be granted.

### I. Background

Plaintiff Misty Crip alleges that from about October 2017 to March 2018 she worked in Defendant Executive Garden Titusville Hotel, LLC's (the "Hotel") front desk, laundry and housekeeping departments (Doc. 1, ¶¶ 3-4). The Hotel paid Plaintiff $8.50 per hour for her labor (Id., ¶ 3). Defendant Elcorno Martin is sued in his capacity as the alleged owner and operator of the Hotel (Id., ¶ 9).

Plaintiff lived in the Hotel for a period of time while working for Defendants (Doc. 18 at 4). They charged her for lodging by deducting twenty-three hours per week from her total hours worked and only paid her for hours after the deduction. She complains that his was unreasonable and that in addition, Defendants failed to pay her for all hours worked in excess of forty per week (Doc. 1, ¶¶ 18-22). Plaintiff believes she has not been paid for 68.5 hours of regular work and 200 hours of overtime (Doc. 18 at 4). Based on her rate of

$8.50 per hour, she states that the most she is entitled to in actual damages is $4,581.25 (Id.). Count I of Plaintiff's complaint is for damages under the Florida Constitution, Article X, § 24. Counts II and III seek recovery under the FLSA. Defendants deny Plaintiff's claims (Id.).

Counsel agree that after the case was filed the parties informally exchanged discovery, including Plaintiff's payroll records, and negotiated this settlement. Plaintiff has agreed to accept $1,606.13 in actual damages; $1,606.13 in liquidated damages; $100 for a general release; and $2,763.38 for attorney's fees and costs (Doc. 18-1, ¶ 1). In return, she will give Defendants a full general release; she will not attempt to go back to work for Defendants; and they will give Plaintiff's future employers a neutral reference stating only her dates of employment, pay rate and position (Id., ¶¶ 3, 5). This case settled before Plaintiff answered the Court's interrogatories and before Defendants answered the complaint.

## II. Legal Standard

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has determined that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Discussion

No badges of fraud appear in connection with this settlement. The parties are represented by attorneys who represent that they formulated their own proposed settlement amounts which they exchanged before negotiating this agreement (Doc. 18 at 5). They also agree that, based on their respective estimates of the value of Plaintiff's

claims including her fees and costs, this settlement "reflects a reasonable compromise of disputed issues." (Doc. 18 at 5). Because the parties and their lawyers know more about this controversy than the Court does, and I see no badges of fraud, I see no reason to second guess the reasonableness of the compensatory and liquidated damages to be paid to Plaintiff.

As for the attorney's fees, 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); see also Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). The parties represent that the amount of Plaintiff's attorney's fees was determined separately and apart from her recovery (Doc. 18 at 5). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

This settlement includes payment to Plaintiff of $100 as consideration for a general release of all claims she may have against Defendants (Doc. 18-1, § 3). Generally, "[p]ervasive, overly broad releases have no place in settlements of most FLSA claims." Bright v. Mental Health Res. Ctr., Inc., No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012). In the past this Court has taken the position that:

> There is certainly disagreement among the district judges in
> the Middle District of Florida on the issue of whether a release
> of claims provision undermines the reasonableness of an

- 4 -

FLSA settlement. Some judges approve of broad general releases which contemplate all types of claims, including non-wage claims, so long as the release is supported by additional consideration. See, e.g. Bright v. Mental Health Res. Ctr., Inc., No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *5 (M.D. Fla., Mar. 14, 2012) (approving of broad general release where the employer agreed to drop its counterclaims against the employee). Other judges only approve of releases when they are narrowly-tailored to the wage claims asserted in the complaint. See, e.g., Heath v. Hard Rock Café Int'l (STP), Inc., No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011) (finding release not unreasonable where the employee released only those claims arising under federal and state wage laws), *adopted* by 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011). Still other judges disapprove of any release in an FLSA settlement as per se unreasonable, no matter its scope. See, e.g., Colono v. Garda CL Se., Inc., No. 6:14-cv-1777-Orl-37KRS, slip op. at 3 n.1 (M.D. Fla. July 21, 2015) (finding release per se unreasonable).

The undersigned sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint. The reasoning revolves around the disparate bargaining power between employees and employers. "An employee seeking to vindicate [her] FLSA rights often desperately needs [her] wages." Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351 (M.D. Fla. 2010) (footnote omitted). Employers are therefore placed in an inherently superior position where they are capable of exploiting this desperation by purchasing all other unknown claims a Plaintiff may have– including discrimination, retaliation, and harassment claims, personal injury claims, and administrative claims–in exchange for the wages to which the employee is already lawfully entitled. Because of the employee's need for her wages, she is willing to forfeit rights to potentially meritorious and valuable lawsuits that are unknown to her. The result is a windfall to the employer which renders the FLSA settlement unfair and unreasonable.

However, the undersigned approves of releases that are narrowly-tailored to the wage claims asserted in the complaint. Unlike broad general releases, an employee likely already knows–whether through her own knowledge or through the aid of her counsel– the value of her wage claimsand the potential legal actions she can take to vindicate her rights. The

> employee therefore knows exactly what, if anything, she
> forfeits, thus maintaining the integrity of the settlement.

Monahan v. Rehoboth Hospitality, Inc., No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *1-2 (M.D. Fla. Dec. 18, 2015). Then, in Rosa v. Petersendean Roofing and Solar Systems, No. 6:17-cv-1111-Orl-40DCI, 2018 WL 1583641 (M.D. Fla. April 2, 2018), this Court approved an FLSA settlement agreement wherein the plaintiff was paid $600 in additional consideration for a general release, non-disparagement, and confidentiality provision. If Rosa represents the Court's current thinking on this issue, it may approve the parties' settlement agreement without alteration. Alternatively, if Rosa was a unique situation, and the Court still requires a narrowly tailored release of FLSA claims then the parties' settlement agreement contains a severability clause which the Court could employ to reduce the scope of the release to the claims made by Plaintiff in this lawsuit (Doc. 18-1, § 8). So, regardless of the Court's position, this agreement can be approved.

### V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court:

(1) **GRANT** the parties' motion and **APPROVE** their settlement agreement as written.

(2) Alternatively, **LIMIT** the release to the claims made in this lawsuit and then **GRANT** the parties' motion and **APPROVE** their settlement agreement as modified.

(3) **TERMINATE** all pending motions and **DIRECT** the Clerk to **CLOSE** the file.

### VI. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 8, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record